UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY J. WILLIAMS, | ) | |
| | ) | Case No.: 1:20-cv-05955 |
| Plaintiff, | ) | |
| | ) | Judge: |
| v. | ) | |
| | ) | |
| CLIENT SERVICES, INC., | ) | **COMPLAINT** |
| | ) | JURY DEMAND ENDORSED HEREON |
| Defendant. | ) | |

Plaintiff, Larry J. Williams, for his Complaint against Client Services, Inc. ("Defendant"), states as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), stemming from Defendant's unlawful debt collection practices as more fully described in this Complaint, *infra*.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendant conducts business within the Northern District of Illinois and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Illinois.

<u>P</u><small>ARTIES</small>

4.     Plaintiff, Larry J. Williams ("Mr. Williams"), is a natural adult person residing in Oak Lawn, Illinois, and is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

5.     Defendant, Client Services, Inc., is a Missouri corporation in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

6.     In its correspondences to consumers, Defendant identifies itself as a "debt collector."

7.     Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

<u>F</u><small>ACTS</small> <u>S</u><small>UPPORTING</small> <u>C</u><small>AUSES OF</small> <u>A</u><small>CTION</small>

8.     On or around August 17, 2020, Defendant mailed a dunning correspondence to Mr. Williams attempting to collect a consumer debt incurred to *CitiBank, N.A.* through a *Shop Your Way* credit card account (the "Subject Debt").  A copy of the dunning correspondence is attached to this Complaint as Exhibit A (the "Collection Letter").

9.     In the Collection Letter, Defendant identified itself to Mr. Williams as a "debt collector" attempting to collect a "debt."  *See* Exhibit A.

10.     The Collection Letter stated, in relevant part:

> "As of the date of this letter, the account balance is $1,850.89.  On the date you make a payment, the account balance may be greater because of interest or other charges.  If an adjustment is necessary after we receive payment, we will attempt to contact you."

*See* Exhibit A.

11.      Defendant's representations to Mr. Williams within the Collection Letter – as cited in paragraph 10, *supra* – were false, deceptive and/or misleading to the extent they create a false

sense of urgency that Mr. Williams must act quickly to avoid further assessment of "interest or other charges" in connection with this account. *See* Exhibit A.

12.     Upon information and belief, as of August 17, 2020, the date of the Collection Letter, Defendant was not entitled to collect any "interest" and/or "other charges" from Mr. Williams in addition to the $1,850.89 "account balance" alleged to be owed in the Collection Letter.

13.     Confused and concerned upon reviewing the Collection Letter, Mr. Williams spoke to his attorneys for assistance and clarification regarding his rights.

14.     After a reasonable time to conduct discovery, Mr. Williams believes he can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

DAMAGES

15.     Mr. Williams was confused and misled by the Collection Letter.

16.     Mr. Williams justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him using abusive, deceptive and unlawful means, and ultimately cause him unwarranted economic harm.

17.     Due to Defendant's conduct, Mr. Williams was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

18.     Due to Defendant's conduct, Mr. Williams is entitled to statutory damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described in this Complaint, *supra*.

GROUNDS FOR RELIEF

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT<br>
*15 U.S.C. §§ 1692e, e(2)(A), e(2)(B), e(5), e(10), f and f(1)*

19.     All prior paragraphs are incorporated into this count by reference.

20.    The FDCPA states, in relevant part:

>  A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt; (5) The threat to take any action that cannot legally be taken or that is not intended to be taken; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

*See* 15 U.S.C. §§ 1692e, e(2)(A), e(2)(B), e(5) and e(10).

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

*See* 15 U.S.C. §§ 1692f and f(1).

21.    Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(2)(B), e(5), e(10), f and f(1) by creating a false sense of urgency in Plaintiff by representing in the Collection Letter that it was entitled to collect additional "interest" and/or "other charges" in connection with the Subject Debt without contractual and/or statutory authorization to do so, and without any intention of doing so. In doing so, Defendant used false, deceptive and/or misleading representations and/or unfair means in connection with its collection efforts on the Subject Debt.

22.    As an experienced debt collector, Defendant knows that its representations to consumers are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive.

23.    As set forth in paragraphs 15 through 18, *supra*, Plaintiff has been harmed as a result of Defendant's unlawful collection practices as outlined in this Complaint.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, Larry J. Williams, respectfully requests that this Court enter judgment in his favor as follows:

a)  Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

b)  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

c)  Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

d)  Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 7th day of October, 2020.             Respectfully Submitted,

   */s/ Geoff B. McCarrell*

Geoff B. McCarrell #0086427
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com

*Attorneys for Plaintiff, Larry J. Williams*

<u>JURY DEMAND</u>

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

   */s/ Geoff B. McCarrell*

Geoff B. McCarrell (OH #0086427)
CONSUMER LAW PARTNERS, LLC